# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| BRUCE BARRON, on behalf of himself and all others similarly situated, | Civil No.: _____ |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY DEMANDED** |
| WACHOVIA SECURITIES, LLC | |
| Defendant. | |

Representative Plaintiff Bruce Barron ("Barron"), on behalf of himself and all similarly situated persons (as defined in the Class below), complains of the actions of Defendant Wachovia Securities, LLC ("Wachovia"), and respectfully shows the following:

## I. NATURE OF THE CASE

1. This action is a class action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Minnesota Fair Labor Standards Act ("MFLSA"), M.S.A. § 177.21, *et seq.* to vindicate the rights of Barron and all other similarly situated persons (the "Class members") who were employed by Wachovia as stock brokers in Minnesota, worked greater than forty (40) hours per week, and were not paid overtime pay. Barron, on behalf of himself and the Class members, seeks actual damages, liquidated damages, pre- and post-judgment interest, attorneys' fees, litigation expenses, court costs, and equitable relief as may be appropriate.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Barron's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337.

3. This Court also has jurisdiction over this case pursuant to 28 U.S.C. § 1332(d)(2), as amended by Public Law 109.2, 119 Stat. 4 (2005), because the proposed class exceeds 100 members, the amount in controversy may exceed the sum of $5 million (exclusive of interest and costs), and Class members are citizens of a state different from Wachovia.

4. This Court also has supplemental jurisdiction over Barron's MFLSA claim pursuant to 28 U.S.C. § 1367.

5. At all relevant times, Wachovia resided, was found, had an agent or transacted business in the State of Minnesota, including the District of Minnesota. A substantial part of the events and omissions giving rise to the claims of Barron and the Class members occurred in the District of Minnesota. Venue, therefore, is proper in the District of Minnesota for the FLSA claim pursuant to 28 U.S.C. § 1391(a).

### III. PARTIES

6. Representative Plaintiff Barron is a resident of Savage, Minnesota. Barron was employed as a stock broker in the Wachovia branch office in Minneapolis, Minnesota from 2003 through January 2005. As a Wachovia stock broker, Barron regularly and consistently worked in excess of forty (40) hours per week, in many instances working in excess of forty eight (48) hours per week, for which he was not paid any overtime pay.

7. Defendant Wachovia is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at Riverfront Plaza, 901 East Byrd Street, Richmond, Virginia 23219. Wachovia is the third largest retail securities brokerage firm in the United States with over 10,000 registered representatives and stock brokers at 2,700 locations in 49 States and Washington, D.C. Wachovia may be served with Summons and a copy of this Original Class Action Complaint by serving its Minnesota registered agent, Corporation Services Company.

## IV. FACTUAL BACKGROUND

8. Stock brokers employed by Wachovia, including Barron, routinely work more than forty (40) hours per week – in many instances working in excess of forty eight (48) hours per week.

9. Wachovia, however, does not pay such employees overtime pay and such failure to pay overtime pay is intentional.

10. Under FLSA and the MFLSA, employers must pay an overtime premium to employees who work in excess of forty (40) hours per week and forty eight (48) hours per week, respectively, unless the employees fall into one or more express "exemptions."

11. Stock brokers employed by Wachovia on a commission-only basis, such as Barron, do not fit into any such overtime exemptions.

12. While federal law recognizes a limited exemption to overtime rules for certain employees who are paid by commission, stock brokers employed by Wachovia do not fit within this exemption.

13. To qualify for the commissioned worker exemption, the employee must work in a "retail or service establishment."

14. Regulations issued by the United States Department of Labor specifically provide that "stock or commodity brokers" *are not* engaged in a "retail or service establishment." *See* 29 C.F.R. § 779.317.

15. The stock brokers employed by Wachovia on a commission-only basis also do not fit within the so-called "executive," "administrative," "professional" or "highly qualified employee" exemptions to the overtime rules.

16. Each of these exemptions requires the employee to be paid a certain guaranteed weekly minimum on either a "salary basis" or a "fee basis."

17. Barron and the Class members are not paid any amounts under either a "salary basis" or "fee basis" as those terms are defined by the applicable overtime regulations.

18. Rather, Barron and the Class members are allowed to "draw"--or borrow--against future commissions.

19. While Wachovia misclassifies such loans to employees as "salary," these advances against future commissions do not meet the definition of pay on a "salary basis" or "fee basis" set forth in the applicable regulations.

20. Specifically, the weekly draw paid to Barron and the Class members comes with a corresponding obligation by them to repay the draws either by generating sufficient future commissions to cover the draw or otherwise.

21. The "draw" paid to Barron and the Class members is likewise subject to reduction based on variations in the quality or quantity of the work performed and other deductions by Wachovia.

22. In addition, Barron and the Class members also do not meet the "duties" tests for any of these exemptions to the overtime rules.

23. The primary duties of Barron and the Class members do not consist of performing administrative or managerial tasks, but rather of selling financial products. *See* 29 C.F.R. §541.203(b) ("an employee whose primary duty is selling financial products does not qualify for the administrative exemption").

24. Barron and the Class members do not perform duties requiring advanced study at an institution of higher learning in scientific field or the arts or an advanced degree.

25. Rather, the commission-only stock brokers employed by Wachovia are engaged in "production work," producing the day-to-day goods, services and/or sales that are Wachovia's "product."

26. Because they do not fit into any of the exemptions from overtime pay, Barron and the Class members are entitled to overtime pay under the FLSA for all work performed in excess of forty (40) hours per week, and under the MFLSA for all work performed in excess of forty eight (48) hours per week.

## V. CLASS ALLEGATIONS

27. The preceding factual statements and allegations are incorporated herein by reference.

28. Barron brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Barron seeks to represent a Class consisting of:

> All persons currently or formerly employed by Wachovia as commission-only stock brokers in Minnesota, from August 31, 2003 to the present.

29. This action is properly brought as a class action because the Class members are so numerous that joinder of all of them is impracticable. Class members are widely dispersed throughout Minnesota. While the exact number of Class members is unknown to Barron at this time, and only can be ascertained through appropriate discovery, Barron believes that there potentially are hundreds of putative Class members.

30. This action also is properly brought as a class action because certain common questions of law and fact exist as to all Class members, and predominate over any questions solely affecting individual Class members including, *inter alia*:

    (i) Whether Wachovia violated the FLSA;

    (ii) Whether Wachovia violated the MFLSA;

6358

5

  (iii)  Whether Wachovia intentionally violated the FLSA and MFLSA;

  (iv)  Whether Barron and the Class members are entitled to receive overtime pay;

  (v)  Whether Barron and the Class members regularly work more than forty (40) hours and/or forty eight (48) per week;

  (vi)  The extent of damages sustained by Barron and the other members of the Class;

  (vii)  Whether Barron and the Class are entitled to declaratory or injunctive relief.

  31.  Barron's claims are typical of the Class members' claims since they were not paid overtime for working in excess of forty (40) hours and/or forty eight (48) per week.

  32.  The interests of the Class members will be fairly and adequately protected by Barron. Barron's interests are consistent with those of the Class members. Barron and the Class members are represented by experienced and able counsel knowledgeable about class action litigation, complex commercial litigation, employment litigation and principles of accounting and finance.

  33.  Barron's interests are not antagonistic to, or in conflict with, the interests he seeks to represent. Barron knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

  34.  Class certification, therefore, is appropriate under FED. R. CIV. P. 23(b)(2) because Wachovia consistently and wrongfully failed to pay its commission-only stock brokers overtime for working in excess of forty (40) hours per week and/ or forty eight (48) (and continues to do so), thereby making declaratory and/or injunctive relief on a going forward basis appropriate with respect to the Class as a whole.

  35.  Class certification also is appropriate under FED. R. CIV. P. 23(b)(3) because the above-described law and fact questions predominate over any questions affecting individual Class

members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

36. A class action is superior to other methods for the fair and efficient adjudication of this controversy. The Class is readily definable and one for which records should exist in the files of Wachovia. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, effectively, and without the duplication of effort and expense that numerous individual actions would engender. The expense and burden of litigation would substantially impair the ability of the Class members to pursue individual litigation in order to vindicate their rights. In the absence of a class action, Wachovia will retain the benefits of its wrongdoing despite its serious violations of the law.

## VI. CLAIMS FOR RELIEF/CAUSES OF ACTION

### COUNT I

### VIOLATION OF FLSA

37. The preceding factual statements and allegations are incorporated herein by reference.

38. Under the FLSA, an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

39. During the Class Period, Barron and the Class members worked more than forty (40) hours per week, but were not paid overtime.

40. Wachovia is not a "retail or service establishment" under 29 U.S.C. § 207(i) and/or 29 C.F.R. §§ 779.316; 779.317.

41. Barron and the Class members are not exempt under FLSA's administrative exemption.

42. Barron and the Class members are not exempt under FLSA's professional exemption.

43. Barron and the Class members are not exempt under FLSA's executive exemption.

44. Barron and the Class members are not exempt under FLSA's outside sales exemption.

45. Wachovia's regular and consistent and intentional failure to pay Barron and the Class members overtime for all hours worked in excess of forty (40) per week constitutes multiple and ongoing violations of the FLSA.

## COUNT II

## VIOLATION OF THE MFLSA

46. The preceding factual statements and allegations are incorporated herein by reference.

47. Barron and the Class members are entitled to overtime pay, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty eight (48) hours per week pursuant to the MFLSA, M.S.A. § 177.25, which Wachovia has regularly, consistently and intentionally failed and refused to pay.

48. None of the exceptions to the MFLSA apply to Barron and the Class members.

49. Barron, therefore, on behalf of himself and the Class members, also brings this action as an action for the recovery of unpaid overtime pay pursuant to the MFLSA.

**VII.**

**RELIEF REQUESTED**

50.     The preceding factual statements and allegations are incorporated herein by reference.

51.     *Actual damages.*  As a direct and proximate result of Wachovia's willful and wrongful conduct, Barron and the Class members are entitled to their overtime pay for the Class period (plus a factor for the time value of money).  All of the damages sustained by Barron and the Class members were reasonably foreseeable by Wachovia, and exceed the minimum jurisdictional limits of this Court.

52.     *Statutory liquidated damages.*  Barron and the Class members also are entitled to recover their statutory liquidated damages in an amount equal to the unpaid overtime compensation pursuant to 29 U.S.C. § 216(b).

53.     *Declaratory judgment/injunctive relief.*  Pursuant to 28 U.S.C. §§ 2201; 2202, Barron, on behalf of those Class members who currently are employed by Wachovia, further requests that this Court enter a declaratory judgment and injunction requiring Wachovia to pay such Class members overtime pay on a going forward basis for time worked in excess of forty (40) hours per week.

54.     Barron and the Class members also are entitled to recover their reasonable and necessary attorneys' fees, litigation expenses and court costs in prosecuting this action pursuant to, *inter alia*, 29 U.S.C. § 216(b).

**VII.     PRAYER FOR RELIEF**

**WHEREFORE,** Barron, on behalf of himself and the putative Class, respectfully requests that (i) Wachovia be cited to appear and answer this lawsuit, (ii) this action be certified as a class

action, (iii) he be designated as the Class Representative, and (iv) his counsel be appointed as Class counsel.  Barron, on behalf of himself and the putative Class, further requests that upon final trial or hearing, judgment be awarded against Wachovia for:

(i)     actual damages to be determined by the trier of fact;

(ii)     statutory liquidated damages;

(iii)     declaratory and injunctive relief as set forth above;

(iv)     pre- and post-judgment interest at the highest legal rates;

(v)     reasonable and necessary attorneys' fees and litigation expenses incurred through the trial and any appeals of this case;

(vi)     costs of suit; and

(vii)     such other and further relief that this Court deems just and proper.

## JURY DEMAND

Barron respectfully demands a trial by jury on all of his claims and causes of action.

Respectfully submitted,

\_\_s/Daniel E. Gustafson_____
Daniel E. Gustafson (#202241)
Jason S. Kilene (#024773X)
**Gustafson Gluek PLLC**
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Tele:  (612) 333-8844
Fax:  (612) 339-6622

James J. Eccleston
Jack L. Haan
**Shaheen, Novoselsky, Staat, Filipowski & Eccleston, PC**
20 North Wacker Drive, Suite 2900
Chicago, IL 60606-9719
Tele: (312) 621-4400
Fax: (312) 621-0268

Chuck R. Watkins
John R. Wylie
**Futterman, Howard, Watkins, Wylie & Ashley, PC**
122 S. Michigan Ave., Suite 1850
Chicago, IL 60603
Tele: (312) 427-3600

Wyatt B. Durrette
Amy J. Inge
**DurretteBradshaw, PLC**
600 East Main Street
Richmond, VA 23219
Tele: (804) 775-6900
Fax: (804) 775-6911

Richard L. Coffman
**The Coffman Law Firm**
1240 Orleans St., Suite 200
Beaumont, TX 77701
Tele: (409) 832-4767
Fax: (866) 835-8250

James E. Hasser, Jr.
**Diamond Hasser & Frost**
1325 Dauphine St.
Mobile, AL 36604
Tele: (800) 562-3362

***ATTORNEYS FOR PLAINTIFFS***

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Bruce Barron, on behalf of himself and all others similarly situated,

**(b)** County of Residence of First Listed Plaintiff: Scott County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Daniel E. Gustafson, Jason S. Kilene; Gustafson Gluek PLLC; 608 2nd Ave. S., Suite 650, Minneapolis, MN 55402; (612) 333-8844

## DEFENDANTS
Wachovia Securities, LLC

County of Residence of First Listed Defendant: Richmond City County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 201, et. seq.
Brief description of cause:
Violation of Federal and Minnesota Fair Labor Standards Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE: 8/31/06
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____